# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

LONNIE BEAN, )
         Plaintiff, )
vs. ) Case No. 09-cv-570-TLW
MICHAEL J. ASTRUE, )
Commissioner of the Social Security )
Administration, )
         Defendant. )

## OPINION AND ORDER

Plaintiff Lonnie Bean, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), requests judicial review of the decision of the Commissioner of the Social Security Administration denying his applications for disability benefits under Titles II and XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 8). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

## Review

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of impairment and the severity of the impairment during the time of his alleged disability. 20 C.F.R. §§ 404.1512(b), 416.912(b). A disability is a physical or mental impairment "that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a).

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C.§ 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996); Castellano v. Secretary of Health & Human Serv., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). The Court is to consider whether the ALJ followed the "specific rules of law that must be followed in weighing particular types of evidence in disability cases," but the Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

**Background**

Plaintiff was born March 24, 1962 and was 46 years old at the time of the Administrative Law Judge's ("ALJ") final decision on December 17, 2008.[1] (R. 26). Plaintiff has an eleventh grade education. (R. 27). Plaintiff's prior work history consists of a repairer for a mobile home company (medium exertion, skilled, SVP of 5), construction related helper, roofer helper/installer, air technician helper (all heavy to very heavy exertion level, ranging from unskilled, SVP 2 to semi-skilled, SVP 4) and landscaping (medium exertion level, unskilled, SVP of 2). (R. 45). Plaintiff alleges a disability onset date of December 30, 2005. (R. 25, 96, 101).

At the July 11, 2008 hearing, plaintiff testified he is approximately 5'6" tall, weighing 134 pounds. (R. 26). He is divorced with three children, two under the age of eighteen. (R. 97). When questioned at the hearing, plaintiff claimed the "single biggest thing" that limits his ability to work full-time would be "the rheumatoid arthritis, the joint and my pains and the Hepatitis C." (R. 28). He claimed the arthritis mainly affected his shoulders, knees, hips, and occasionally his hands, explaining repetitive activity with his hands makes them hurt to the point he has to stop what he is doing. (R. 28-29).

The record contains several medical records, ranging in date from March, 2004 to January, 2009, including those from plaintiff's treating physicians, mental health records,

---

[1] Plaintiff's application for disability was denied initially and upon reconsideration. (R. 55-59, 60-63, 64-66, 67-69). A hearing was held before ALJ Charles Headrick July 11, 2008, (R. 22-50), in Tulsa, Oklahoma. By decision dated December 17, 2008, the ALJ found that plaintiff was not disabled at any time through the date of the decision. (R. 8-21). On July 14, 2009, the Appeals Council denied review of the ALJ's findings. (R. 1-4). Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

medical testing, and state consultative examinations. (R. 173-180, 181-191, 192-205, 206-212, 213-238, 239-253, 254, 255-262, 263-287). The records show plaintiff was diagnosed with chronic pain, depression, anxiety, bi-polar disorder, post traumatic stress disorder (PTSD), rheumatoid arthritis, high blood pressure, and osteoarthritis, and received continuing treatment for all.

Plaintiff was examined by two (2) agency consultative examiners, Subramaniam Krishnamurthi, M.D., on December 15, 2006, and Denise LaGrand, Psy.D., on January 2, 2007. After a physical examination of plaintiff, Dr. Krishnamurthi asserted the following "final impression:"

1. Posttraumatic stress disorder;
2. Bipolar disorder;
3. Chronic back pain probable arthralgia of the lumbosacral spine.

(R. 207). Dr. Krishnamurthi noted plaintiff's gait was normal, steady and stable. He did not use any "artificial device, cane or walker," and heel walking and toe walking appeared normal. Id. Most systems were noted to be within normal limits, with the exception of dorsolumbar. Dr. Krishnamurthi noted "flexion, extension and lateral flexion are slightly reduced due to pain." Id.

Dr. LaGrand administered a clinical interview, mental status exam and the Wechsler Adult Intelligence Scale-Third Edition (WAIS-III) to plaintiff to assist with his Social Security application. Dr. LaGrand stated plaintiff reported taking Triacidone for his mental issues, but had stopped taking it as prescribed because he felt it made "things worse," but he said he took it the day of the exam. (R. 213). She stated plaintiff's estimated IQ was in the low average range of 80 to 89, and his "ability to understand, remember and carry out instructions [was] low average." (R. 217). She noted his ability to concentrate appeared adequate. "No significant problems with persistence and pace were noted." Id. Dr. LaGrand also made the observation

that plaintiff's application "appears to be based on both mental and physical problems and this should be taken into account when determining his eligibility for SSI/Disability, as the combination of mental and physical symptoms leads to greater impairment and makes him less likely to be successful in a job setting. However the extent to which his physical problems limit his ability to function are beyond the scope of this evaluation." (R. 217-18).

Dr. LaGrand gave plaintiff the following Axis rating:

While [plaintiff] reports a history of Bipolar Disorder, he did not describe symptoms consistent with this. He does experience considerable depression. He also continues to have significant symptomology regarding his abusive childhood that warrants a diagnosis of PTSD.

| | |
|---|---|
| Axis I: | PTSD |
| | Major Depression, moderate |
| Axis II: | No Diagnosis |
| Axis III: | Deferred |
| Axis IV: | occupational problems |
| Axis V: | 50 |

Prognosis:

With adequate treatment, counseling, and appropriate psychotropic medication, there is a fair chance for improvement in his condition.

(R. 218). On January 22, 2007, a non-examining agency physician, Burnard Pearce, Ph.D. completed both a Psychiatric Review Technique and a Mental RFC Assessment form regarding plaintiff. (R. 220-233, 234-237). There is no physical RFC form located in the record.

Plaintiff's records from Warren Clinic (March, 2004 to October, 2006) reflect diagnoses of chronic pain, anxiety, and depression. He was prescribed Lortab regularly. (R. 182-191). Records from OSU (July, 2007 to January, 2009) reflect diagnoses again of chronic pain, pain in plaintiff's back, shoulder, and neck, high blood pressure, rheumatoid arthritis, anxiety, and post traumatic stress disorder. Prescriptions include Lortab, Flexeril, melatonin (over the counter),

5

Mobic, and use of a lymphatic pump. (R. 239-253, 255-262, 263-287). Plaintiff was referred to pain management as well. (R. 250).

## Procedural History

Plaintiff alleges his disabling impairments are "PTSD, bipolar, major depression, lack of concentration and need for seclusion," (R. 132) and back, hip, shoulder and knee pain. (R. 167). In assessing plaintiff's qualifications for disability, the ALJ first stated plaintiff met the insured status requirements of the Act through December 31, 2005. Next, he determined at step one of the five step sequential process that plaintiff had not been engaged in substantial gainful activity since December 30, 2005, his alleged onset date. (R. 13). At step two, the ALJ found plaintiff to have the severe impairments of major depressive disorder, post traumatic stress disorder and rheumatoid arthritis. Id. He stated plaintiff's "impairments have more than a minimal effect on his ability to perform basic work activities." Id.

At step three, the ALJ determined plaintiff's impairments did not meet the requirements of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925, and 416.926). Id. Before moving to the fourth step, the ALJ found plaintiff had the following residual functional capacity ("RFC"):

> … to perform the full range of light work, with the nonexertional limitations of performing simple tasks with routine supervision, relate to supervisors and peers on a superficial basis, must avoid contact with the general public, and would be able to adapt to work situations.

(R. 14). At step four, the ALJ determined that plaintiff was unable to perform any past relevant work, and decided transferability of job skills is not an issue as the Medical-Vocational Rules "directly support[] a finding of 'not disabled,' whether or not the [plaintiff] has transferable job skills. (R. 20). At step five, the ALJ determined "considering the [plaintiff's] age, education,

work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." He listed the occupations offered by the vocational expert of office cleaner, packer/filler/machine operator, assembly worker, and machine operator. Id.

The ALJ concluded that plaintiff was not disabled under the Act from December 30, 2005, through the date of the decision. (R. 21).

## Issues Raised

Plaintiff's allegations of error by the ALJ are as follows:

1. The ALJ failed to perform a proper evaluation at step five of the sequential evaluation process; and
2. The ALJ failed to perform a proper credibility determination.

(Dkt. # 15 at 2).

## Review of Issues

Plaintiff first claims the ALJ failed to perform a proper determination at step five (5) of the sequential evaluation process. Plaintiff's main argument here is the ALJ failed to present a proper hypothetical to the vocational expert by not including any limitations for the physical demands of sustained work. The Court agrees with this argument.

The ALJ found plaintiff to have a severe impairment of rheumatoid arthritis, but he failed to discuss how this severe impairment would affect plaintiff's ability to sit, stand, walk, lift, carry things, push or pull, and its effect on stooping, crouching, reaching and handling items. Plaintiff's treating physicians at OSU Family Physicians report chronic pain, prescriptions for pain managing drugs, and exercises to try to assist plaintiff in alleviating his pain. (R. 239-286). Plaintiff's testimony states he has difficulty doing anything repetitive due to pain (R. 29), that if

7

he lifts his arms over his shoulders, he experiences pain, id., claiming his shoulders "constantly hurt," sending knife like pains into his back, and sharp shooting pains down his legs, interfering with his ability to perform household chores such as vacuuming, or cooking. Id. He stated he is unable to stand or sit for long periods. (R. 31).

The ALJ did not address any limitations presented by these physical problems as required by 20 C.F.R. §§ 404.1545(5)(b), 416.945(5)(b):

> *Physical abilities*. When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

Id. The Court sees ample evidence for consideration and discussion by the ALJ of plaintiff's physical problems, and upon remand, the ALJ is instructed to review the medical records and incorporate any physical limitations into his RFC.

As to plaintiff's remaining allegations regarding his mental limitations, the Court finds the ALJ should review this issue as well in conjunction with the instructions above.

Plaintiff's final allegation of error is that the ALJ failed to perform a proper credibility determination. This Court's review is limited and evidence will not be reweighed. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). An ALJ's credibility findings warrant particular deference, because he is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ's judgment in this respect will stand if supported by sufficient evidence. Gay, 986 F.2d at 1341 (10th Cir. 1993).

However, in light of the fact the ALJ needs to revisit his RFC determination, plaintiff's credibility must be reassessed as well.

## **Conclusion**

The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED and REMANDED.

SO ORDERED this 29th day of March, 2011.

_____
T. Lane Wilson
United States Magistrate Judge